UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| TERRIE FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-331 (RJL) |
| | ) |
| JENNIFER REILLY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this *pro se* action alleging that she was terminated without cause by her employer. The complaint names as defendants the employer, Priority One Services, and two employees of the company, Jennifer Reilly and Pamela Fontenot. Defendants Priority One Services and Pamela Fontenot have moved to dismiss.

Plaintiff was advised that if she did not respond to defendants' motion by May 13, 2007, the Court would assume that the motions were conceded and dismiss the case. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff has not responded to either of the motions to dismiss. Therefore, defendants Priority One Services and Pamela Fontenot will be dismissed.

The remaining defendant is Jennifer Reilly. She has not been served. The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 and other applicable legal provisions. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). To properly serve an individual defendant under Rule 4, a plaintiff either must comply with the law of the state in which the federal district court is located or deliver the summons and complaint to the named defendant. Fed. R. Civ. P.

4(e)(1)-(2).

A plaintiff in this Court must comply with the service of process requirements under the law of the District of Columbia. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Under District of Columbia law, a plaintiff may properly effect service by mailing a copy of the summons and complaint by registered mail, return receipt requested. D.C. R. Civ. P. 4(c)(3); *see also Freeman v. Fallin*, 210 F.R.D. 255, 256 (D.D.C. 2002). If the defendant does not personally sign the return receipt, the affidavit accompanying the receipt must detail specific facts demonstrating that the signatory is qualified to receive service. D.C. R. Civ. P. 4(l)(2); *see also Lennon v. McClory*, 3 F.Supp.2d 1461, 1462 (D.D.C. 1998).

Because plaintiff is proceeding *in forma pauperis*, service of process was performed by a United States Marshal. *See* 28 U.S.C. § 1915(d). The Marshal Service attempted to serve defendant Reilly by certified mail, but the summons and complaint were returned unexecuted. *See* Docket # 4. Service was attempted at the address provided by plaintiff.

Local Rule 5.1(e) provides, in pertinent part, that a *pro se* plaintiff proceeding *in forma pauperis* "must provide in the caption [of the complaint] the name and full residence address or official address of each party. Failure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant." LCvR 5.1(e)(1). While *in forma pauperis* status confers entitlement to issuance and service of process, *see* 28 U.S.C. § 1915(d); *see* Fed. R. Civ. P. 4(c)(2), a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. *Barmes v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005); *Paolone v. Mueller*, No. 05-2300, 2006 WL 2346448, at *2 (D.D.C. Aug. 11, 2006); *see Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that even an

incarcerated plaintiff proceeding *in forma pauperis* "may not remain silent and do nothing to effectuate such service").

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time ..." Fed. R. Civ. P. 4(m). In addition to setting a time limit on service, the Rule also provides "that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.* Plaintiff filed her complaint on February 9, 2007. More than 120 days has passed and defendant Reilly has not been served. Plaintiff has not moved for an extension of time to effect service or offered good cause for the failure to provide a proper address for defendant Reilly. Accordingly, it is hereby

ORDERED that defendant Pamela Fontenot's motion to dismiss [5] is GRANTED. It is

FURTHER ORDERED that Priority One Services' motion to dismiss [11] is GRANTED. It is

FURTHER ORDERED that defendant Jennifer Reilly is DISMISSED. It is

FURTHER ORDERED that the case is DISMISSED without prejudice.

This is a final appealable order. *See* Fed. R. App. P. 4(a)

RICHARD J. LEON
United States District Judge

DATE: 7/19/07

3